STATE, EX REL. CHARLES T. DICKINSON ET AL., RELATORS, v. GEORGE L. SHELDON, GOVERNOR, ET AL., RESPONDENTS.

FILED NOVEMBER 9, 1907. No. 15,450.

Elections: NOMINEES. The same person may be the candidate of more than one political party for nomination at a primary election, but he cannot be the nominee of any party unless he receives the requisite number of votes cast by that party.

ORIGINAL application for a writ of mandamus to compel respondents to canvass and certify the votes cast for relators as candidates for judge of the district court. *Writ denied.*

*Charles T. Dickinson* and *John O. Yeiser, pro se.*

*W. T. Thompson,* Attorney General, *W. B. Rose* and *Grant G. Martin, contra.*

SEDGWICK, C. J.

These relators, Charles T. Dickinson and John O. Yeiser, were candidates for nomination on the republican ticket to the office of judge of the district court of the Fourth judicial district at the primary election held on the 3d day of September, 1907. They each filed with the secretary of state an application in writing, asking that their names, respectively, be placed on the official primary ballots as candidates of the republican party for the said office. Thereafter petitions were filed with the secretary of state signed by the required number of electors affiliating with the democratic party, the petitions reciting that the relators were candidates of the republican party, as aforesaid, and requesting that the names of the relators be placed on the official primary ballot of the democratic party as candidates for the said office. Accordingly the names of these relators were placed upon both the republican and democratic official ballots as candidates for nomination to the said office, and were voted for both by republicans and democrats. Each of two other candidates upon the republican ballot received more republican votes than either of these relators, but, if the votes received by each of the relators upon both ballots be counted together, then each of the relators received more votes upon both ballots than either of the two candidates referred to received upon the republican ballots. The other two candidates referred to received no democratic votes, and so these relators claim that all of the votes received by each of them upon both ballots should be counted together for the person so receiving them, and that they are entitled to certificates of nomination upon the republican ballot. This is an application to this court for a peremptory writ of mandamus requiring the respondents, members of the state canvassing board, to canvass and certify the votes as contended by the relators. The attorney general demurred to the petition for the writ, which was sustained and the writ denied, and it is

thought that the matter is of sufficient importance to require a brief statement of the reasons for this action of the court.

The relators cited and greatly relied upon *State v. Yankee,* 129 Wis. 662. The court in that opinion, after quoting from their statute, used this language: "This provision certainly means what it says; and so the words, 'the greatest number of votes at a primary,' necessarily include the votes for persons whose names are not printed on any ballot, but are written in on the primary ballot of his party, as well as those that are written in and also printed on the ballot of some other party." The relators understand this language to mean that a candidate whose name is printed upon the ballot of one party can be voted for by writing his name into the ballots of another party, and that such votes are to be added to and counted with his votes upon the ballot upon which his name is printed pursuant to nomination papers filed by him; that is, if a candidate files nomination papers as a candidate of one political party, and his name is printed upon the ballot of that party, and he does not file nomination papers as a candidate of any other party, but his name is written in upon the ballot of some other party, then the votes which he receives by writing his name in the ballot of the other party are to be added to the votes which he receives as the candidate of the party upon whose ballot his name is printed and for which he has filed nomination papers, and that the total of these votes is to be counted in his favor as the candidate for the party upon whose ballot his name is printed. We do not so understand the language used by the Wisconsin court. Indeed, if this was the meaning of the court, the proposition would be *dictum* merely, because this point was not before the court in that case. The point determined in that case was that the voters could write into their party ballot the names of the persons for whom they desired to vote, and such votes should be counted for the persons whose names were so written in, although the names of such persons were not

printed upon the ballot. The name of the relator, Pray, was not printed upon either ballot as candidate for district attorney, but was written into 26 ballots of the democratic party regularly cast, and, as no person whose name was printed on the ballot of that party as a candidate and who had filed nomination papers received 26 votes of that party, it was held that the relator, Pray, having received the highest number of democratic ballots cast, was entitled to be the nominee upon the ballot at the election as the democratic candidate for the office of district attorney. The other relator, who was a candidate for the office of county treasurer, was similarly situated and was declared to be the nominee of the democratic party for that office. Neither of these candidates was a candidate for the republican nomination and neither received any votes of that party, and therefore in that case the question which is presented here was not raised or considered. The language quoted from the opinion is not very precise, but the manifest meaning is that votes should be counted where the name of the candidate was written in on the ballot, although that name is not printed on the ballot, as well as in cases where the name is both printed and written upon the ballot. In either case the person nominated as "the candidate of a party" must receive the highest number of votes for that office cast by the voters of that party.

The point here presented is not left in doubt by the provisions of our statute. "The person receiving the greatest number of votes at a primary as the candidate of a party for an office shall be the candidate of that party for such office, and his name as such candidate shall be placed on the official ballot at the following election." Comp. St. 1907, ch. 26, sec. 117z. He must receive the greatest number of votes *as the candidate of a party,* and then he becomes the "candidate of *that party* for such office." He may be the candidate of different parties at the primary election. He may receive some votes as the candidate of one party and some votes as the candidate

of another party.   If he receives the requisite number of votes of one party as its candidate for nomination, he becomes the nominee of that party.   This may result in making him the nominee of more than one party, and, if so, his name goes upon the ballot at the election as the nominee of both parties.   The primary elections of the different parties might be held on different days.   There are practically as many primary elections held as there are political parties represented at the primaries.   Although the same person may be the candidate of more than one party, he cannot be the nominee of any party unless he receives the requisite number of votes of that party.   Our primary law provides for what is called the "closed primary."   It is supposed that the members of each political party will participate in nominating the candidates of that party, and the voters of one party are not allowed to nominate the candidates for another party.   Each voter must declare his party affiliations, and thereupon he receives a ballot of that party, and may vote for whomsoever he pleases as a candidate of the party.   If the name of the candidate for whom he desires to vote is not printed upon the ballot, and such candidate has not filed any nomination papers, he may still, under the Wisconsin decision cited, vote for such candidate by writing his name upon the ballot which he casts.   It is not necessary now to determine whether this would be a proper construction of our statute.   There were seven judges to be chosen at the general election in the Fourth judicial district, and only seven candidates could be nominated by the republican party.   There were seven candidates of that party who each received more republican votes at the primary election than were received by either of the relators.   Their application, therefore, to have their names placed upon the official ballot at the general election as republican nominees was properly denied.

WRIT DENIED.